## Case No. 3,674.

### DAY v. BOSTON BELTING CO.

[Brunner, Col. Cas. 585; 16 Law Rep. 330.][1]

Circuit Court, D. Massachusetts. Sept. 17, 1853.

MOTION FOR PRELIMINARY INJUNCTION—PRACTICE.

A motion for an interlocutory injunction is heard on affidavits alone, without the right of cross-examination.

[Cited in Morris v. Lowell Manuf'g Co., Case No. 9,833.]

This was an application [by Horace H. Day] to the court to grant an injunction against the use of the machinery used in the defendants' India rubber manufactory. The plaintiff claimed to be the owner of a patent granted to E. N. Chaffee, in 1836, for the use of machinery in preparing India rubber and spreading it upon cloths, etc. This case at a former day had been set down for hearing at this time, and both parties had been ordered to file the affidavits of the facts upon which they relied.

Upon the coming in of the court, the counsel for Mr. Day moved the court to have the case postponed, in order that they might be prepared for the argument of the case, and said that they had not had sufficient time to read the proofs offered by the defendants.

The defendants' counsel resisted this motion, and urged that the trial should then proceed, inasmuch as it was the day fixed upon by the court at a previous day. in accordance with the request of the plaintiff's counsel, and because the proofs had been filed at the time ordered by the court. ·

This motion for delay was refused by the court.

The plaintiff's counsel also asked for leave to file affidavits in answer to the proofs filed by the defendants, and gave as a reason that they were taken by surprise, from the grounds taken in defense of the case.

The defendants' counsel insisted that, according to the established practice of the court, the plaintiff had no right to file affidavits in rebuttal of the affidavits filed by the defendants; that the established practice in patent cases was for the plaintiff to file such affidavits as he relied upon, and then for the defendant to file his proofs in answer. The question was fully discussed by the counsel, and the court. SPRAGUE, J., overruled the motion, and laid down the rule as to the practice.

E. F. Hodges, N. Richardson, and Mr. Jenckes, for plaintiff.

H. F. Durant, for defendants.

THE COURT said, in substance: "According to the practice of this court, the complainant is not, as a matter of right, entitled to

further time to file affidavits. The nature of this application for a preliminary injunction is peculiar. It is not a final setlement of the legal rights of the parties; they do not come here with what are strictly to be called legal proofs, but with affidavits alone, and upon which neither party has the right of cross-examination. The object of granting a preliminary injunction is simply to hold the parties in statu quo, until the legal rights can be ascertained. One material question always is, and this question is of importance upon this very question of asking for delay, whether the defendants are responsible. There is no suggestion that the defendants are not amply able to respond to the plaintiff, should he ultimately recover in this case. The process of injunction is summary, and the manner of exhibiting the evidence is settled by our practice. In England the practice is to move for an injunction ex parte, and there is no hearing; then the defendant moves to dissolve the injunction, and in that stage of the case, the parties are heard by the court; but even then the proofs are not open to the other side until the hearing. Here the practice is more liberal, and the affidavits are filed before the day of hearing. The rule of practice is that the complainant must file the affidavits upon which he relies by. a certain day, and then the defendant files his affidavits in reply by another appointed day, and this is the end of the evidence. I will not say that, in a case of entire surprise, an opportunity would not be given for a reply. I do not think this is such a case. I remember that when the case was first before the court, Mr. Durant gave notice to the plaintiff's counsel that he would take every possible point in the defense. I think when the plaintiff's counsel were thus notified, they should have been prepared."

After this opinion was given, the plaintiff's counsel asked for a few moments to consult upon the case, and then said they should withdraw their motion for an injunction. The defendants then said they were very anxious for a hearing; and although they could not prevent the plaintiff from withdrawing his motion, they would consent to his filing further proof rather than not have the question argued.

THE COURT said it was in the power of the plaintiff to withdraw his motion, but that he might have his election to have the motion withdrawn and pay the costs, or to let the case stand for a fortnight.

The plaintiff thereupon elected to have the case stand, and it was assigned for the 30th instant.

[NOTE. For other cases involving this patent, see note to Goodyear v. Railroads, Case No. 5,563.]

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]